IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No.  3:12-cr-00219-2 |
| ) | Judge Trauger |
| KWAME KARIM HERROD ) | |
| ) | |

**MEMORANDUM AND ORDER**

The Sixth Circuit Court of Appeals has remanded this case for this court to determine whether the defendant's late-filing of his notice of appeal from this court's order denying his motion for compassionate release was due to excusable neglect or good cause warranting an extension of the appeal period (Doc. No. 449).  Pursuant to this court's Order (Doc. No. 450), the parties have now filed their positions on this issue (Doc. Nos. 451-453).

The defendant's Notice of Appeal (Doc. No. 436) was filed two weeks late.  Defense counsel states that it was her understanding from her client that, rather than appealing the possible denial of his motion for compassionate release, they would wait for additional grounds to materialize and file a second such motion.  That apparently was not the defendant's understanding or desire.  Defense counsel mailed this court's Order denying his motion (Doc. No. 434) to the defendant where he was housed in June 2020.  However, because of problems with the mail pickup and delivery from and to her office location by the United States Postal Service because of the COVID pandemic, the defendant's receipt of the Order, and therefore his notice that the motion had been denied, was delayed.  By the time his family members contacted defense counsel to ascertain the status of his appeal, the deadline for the filing of the appeal had

1

passed.  The late filing of the Notice of Appeal, therefore, seems due to both a miscommunication between lawyer and client and postal delays, beyond the control of either client or counsel.

Confusion or miscommunciation between attorney and client in a criminal case can constitute excusable neglect within the meaning of Fed. R. App. P. 4(b).  *United States v. Cole*, 726 F.Supp. 726, 727-28 (N.D. Ill. 1989).  Moreover, a determination of excusable neglect in a criminal case is an equitable determination that must take into account all of the relevant circumstances.  The non-exclusive factors to be balanced are:  "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."  *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395).

An analysis of these factors weighs heavily in favor of a determination of excusable neglect in this case.  There is no danger of prejudice to the government by allowing an appeal of the denial of a motion for compassionate request that was lodged two weeks late.  The delay was short, and both the appellate court and this court are attempting to mitigate the potential impact on a judicial determination of the appeal.  The reasons for the delay have been adequately explained by defense counsel and have merit.  Part of the reason for the delay was beyond the reasonable control of the defendant or his counsel.  The defendant and his counsel acted in good faith to correct the miscommunication by the prompt filing of a Notice of Appeal.  Moreover, a delay in the delivery of mail beyond the control of a party has been held to constitute excusable neglect.  See *In re Kriegish*, 280 B.R. 132 (E.D. Mich. 2002).

This court finds that the late filing of the Notice of Appeal in this case was due to excusable neglect warranting an extension of the appeal period by two weeks.

The Clerk shall immediately forward this Memorandum and Order to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

3

Case 3:12-cr-00219   Document 454   Filed 10/19/20   Page 3 of 3 PageID #: 1224